# EXHIBIT 1

*Rocky Mountain Wild, Inc. v. United States Bureau of Land Management, and United States Department of the Interior*

**17cv636-PAB-NYW**

 

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Colorado State Office
2850 Youngfield Street
Lakewood, Colorado 80215-7210
www.co.blm.gov

In Reply Refer To:
FOIA CO-17-001
1278 (CO-951)

**MAR 0 7 2017**

CERTIFIED MAIL
Return Receipt Requested

Mr. Matthew Sandler
Staff Attorney
Rocky Mountain Wild
1536 Wynkoop Street Suite 900
Denver CO 80202

Dear Mr. Sandler:

This letter completes our response to your Freedom of Information Act (FOIA) request, BLM-2016-00037/CO-17-001, dated October 20, 2016, and received by the Bureau of Land Management (BLM) Colorado State Office on the same date. In your FOIA, you sought the following records:

> "Under the Freedom of Information Act, 5 U.S.C. § 552, Rocky Mountain Wild requests copies of all records regarding the NEPA process, Mineral Leasing Act compliance, external and internal communications, and any other agency analysis related to the February 2017 offering of lease sale parcels 7795, 7797, 7798, 7799, 7801, 7802, and 7805. These parcels, if leased and developed, have the potential to negatively impact the Endangered Species Act listed Gunnison sage-grouse.
>
> Requested communications may include:
>
> ·The BLM and other federal, state or local agencies;
>
> ·The BLM and any members of the public;
>
> ·The BLM and any other external entity;
>
> ·Communications between the local and state BLM offices."

The Colorado State Office and Tres Rios Field Office conducted a search of their files and located approximately 1,496 pages responsive to your request. We reasonably foresee that

disclosure would harm an interest protected by one or more of the nine exemptions to the FOIA's general rule of disclosure; therefore, 157 pages are being withheld in part and 923 pages in full pursuant to Exemptions 3 and 5 of the FOIA [5 U.S.C. § 552 (b)(3) and (b)(5)].

Exemption 3 allows the withholding of information prohibited from disclosure by another statute. The Archaeological Resources Protection Act of 1979, 16 U.S.C. 470hh (a), prohibits the disclosure of information pertaining to the nature and location of certain archaeological resources. You may wish to contact the Colorado Historical Society, Office of Archaeology & Historic Preservation, 1300 Broadway, Denver, Colorado 80203, for further cultural resource information. The State of Colorado, OAHP, restricts access to some cultural resource information (See CRS. 24-72-201(1) and CRS. 24-80-405(2)).

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party... in litigation with the agency." 5 U.S.C. § 552(b)(5); *see Nat'l Labor Relations Bd. v. Sears Roebuck & Co.*, 421 U.S. 132, 149 (1975). Exemption 5, therefore, incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, attorney work-product, attorney-client, and commercial information privileges.

*Deliberative Process Privilege*

The deliberative process privilege protects the decision-making process of government agencies and encourages the "frank exchange of ideas on legal or policy matters" by ensuring agencies are not "forced to operate in a fish bowl." *Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977) (internal citations omitted). A number of policy purposes have been attributed to the deliberative process privilege. Among the most important are to: (1) "assure that subordinates . . . will feel free to provide the decision-maker with their uninhibited opinions and recommendations;" (2) "protect against premature disclosure of proposed policies;" and (3) "protect against confusing the issues and misleading the public." *Coastal States Gas Corp. v. United States Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege protects materials that are both pre-decisional and deliberative. The privilege covers records that "reflect the give-and-take of the consultative process" and may include: "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.*

The materials that have been withheld under the deliberative process privilege of Exemption 5 are both pre-decisional and deliberative. They do not contain or represent formal or informal agency policies or decisions. They are the result of frank and open discussions among employees of the Department of the Interior. Information being partially redacted in accordance with the deliberative process includes emails between employees and their supervisors discussing personal opinions and recommendations, and modified changes in a draft memorandum. Their contents have been held confidential by all parties, and public dissemination of this information would have a chilling effect on the agency's deliberative processes, expose the agency's decision-making process in such a way as to discourage candid

discussion within the agency, and thereby undermine its ability to perform its mandated functions.

*Attorney Work-Product Privilege*

As incorporated into Exemption 5, the attorney work-product privilege protects from disclosure of any materials prepared by or for a party or its representative (including their attorney, consultant, surety, indemnitor, insurer, or agent) in anticipation of litigation or for trial. *See Judicial Watch, Inc. v. United States Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005). The privilege applies once specific claims have been identified that make litigation probable; the actual beginning of litigation is not required. *See Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 75 (D.D.C. 2003). Its purpose is to protect the adversarial trial process by insulating litigation preparation from scrutiny, as "it is believed that the integrity of our system would suffer if adversaries were entitled to probe each other's thoughts and plans concerning the case." *Coastal States Gas Corp. v. United States Dep't of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980). The privilege extends to administrative, as well as judicial proceedings. *See Exxon Corp. v. United States Dep't of Energy*, 585 F. Supp. 690, 700 (D.D.C. 1983). Once the determination is made that records are protected from disclosure by the attorney work-product privilege, the entire contents of those records are exempt from disclosure under FOIA. *See Judicial Watch, Inc.*, 432 F.3d at 370-71.

The materials that have been withheld under Exemption 5 under the attorney work-product privilege were prepared by or for a Department attorney in reasonable anticipation of litigation and they reflect the participants' pre-litigation thoughts and evaluations. We, therefore, conclude that the withheld materials are protected in full from disclosure by the attorney work-product privilege of Exemption 5.

*Attorney-Client Privilege*

The attorney-client privilege protects "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice" and is not limited to the context of litigation. *Mead Data Cent, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 252-53 (D.C. Cir. 1977). Moreover, although it fundamentally applies to confidential facts divulged by a client to his/her attorney, this privilege also encompasses any opinions given by an attorney to his/her client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect confidential client-supplied information. *See Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 114-15 (D.D.C. 2005).

The information that has been withheld under the attorney-client privilege of Exemption 5 constitutes confidential communications between agency attorneys and agency clients, related to legal matters for which the client sought professional legal assistance and services. Additionally, the Bureau employees who communicated with the attorneys regarding this information were clients of the attorneys at the time the information was generated and the attorneys were acting in their capacities as lawyers at the time they communicated legal advice. Finally, the Bureau has held this information confidential and has not waived the attorney-client privilege.

4

Please note, we have deleted internal Uniform Resource Locator (URL) website addresses, conference call numbers, and passcodes that are not responsive to the FOIA request. Accordingly, these sections are noted as non-responsive.

The undersigned, in consultation with the Rocky Mountain Regional Solicitor's Office, Danielle DiMauro, Attorney-Advisor, is responsible for this partial-denial response invoking Exemptions 3 and 5. You may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 90 workdays from the date of this final letter.

**Your appeal must be made in writing.** You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All communications concerning your appeal should be clearly marked with the words: "FREEDOM OF INFORMATION APPEAL." You must include an explanation of why you believe the BLM's response is in error. You must also include with your appeal copies of all correspondence between you and the BLM concerning your FOIA request, including your original FOIA request and the BLM's response. Failure to include with your appeal all correspondence between you and the BLM will result in the Department's rejection of your appeal, unless the FOIA/Privacy Act Appeals Officer determines (in the FOIA/Privacy Act Appeals Officer's sole discretion) that good cause exists to accept the defective appeal. You may also seek dispute resolution services from our FOIA Public Liaison, Ryan Witt at (202) 912-7562.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address and fax number (if available) in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification of your appeal.

Please send your written appeal to:

Department of the Interior           Telephone: (202) 208-5339
Office of the Solicitor              Fax: (202) 208-6677
1849 C Street, N.W.                  Email: FOIA.Appeals@sol.doi.gov
MS-6556 MIB
Washington, DC 20240
Attn: FOIA/Privacy Act Appeals Office

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS in any of the following ways:

Office of Government Information Services       E-mail: ogis@nara.gov
National Archives and Records Administration    Web: https://ogis.archives.gov
Room 2510                                       Telephone: (202) 741-5770

(OGIS) 8601 Adelphi Road  Fax: (202) 741-5769
College Park, MD 20740-6001  Toll-free: 1 (877) 684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the Department's FOIA & Privacy Act Appeals Officer.

Your request for a fee waiver was granted on October 20, 2016; therefore, no fees are being assessed for the processing of this request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements of the FOIA. This is standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions related to your FOIA request, please contact Diana Fisher, BLM Colorado FOIA Officer at (303) 239-3688 or Laura Garcia Hinojosa, FOIA Specialist at (303) 239-3686; via mail at the letterhead address; or via email at BLM_CO_FOIA@blm.gov.

Sincerely,

Gregory P. Shoop
Associate State Director

Enclosures (as stated)