**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00636-PAB-SKC

ROCKY MOUNTAIN WILD, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, a federal agency; and
UNITED STATES DEPARTMENT OF INTERIOR, a federal agency,

    Defendants.

_____

**MOTION TO ENTER JUDGMENT AND EXTEND RULE 54 DEADLINE**

    Rocky Mountain Wild, through Counsel, files this Motion for the Court to enter Judgment (Fed.R.Civ.Pro 58(d)) for Plaintiff based on the Order granting summary judgment (ECF No. 47), and in support of this request states the following:

1. On April 22, 2020, the Court entered an Order on summary judgment requiring Defendants to remedy Freedom of Information Act ("FOIA") violations by filing documents with the Court regarding additional searches and providing a new *Vaughn* index to justify its withholdings. ECF No. 47.

2. On July 10, 2020, Defendants filed a Renewed Motion for Summary Judgment with the specified documents attached as exhibits. ECF No. 52.

3. Plaintiff does not seek further litigation of the deficiencies in the agency FOIA search and withholdings, and instead, requests entry of judgment based on the findings and holdings in ECF No. 47 so the post-judgment phases of this litigation may commence. *See* ECF No. 33 at 5 FN 3.

4. Previously withheld records were released as a result of the search and review of FOIA Exemptions ordered by the Court. ECF No. 47.

> 40. The Washington Office search returned 132 pages, released in full. Ex. 2 ¶ 19.
>
> 41. The Colorado Office search returned 3,964 pages, including 2,819 pages contained within the State Office leasing folder, produced in their entirety. Ex. 1 ¶ 47.
>
> 42. Ms. Garcia-Hinojosa then reviewed the remaining 1,145 responsive pages in consultation with the Regional Solicitor's Office to determine whether any material within these pages should be redacted or withheld pursuant to the FOIA Exemptions. Id. ¶ 48.
>
> 49. Based on this review, Ms. Garcia-Hinojosa determined that 101 pages of records should be withheld in full, and 95 pages in part, under FOIA Exemptions 3 and 5. Id. ¶ 49.

ECF No. 52 at 10-11.

5. A new *Vaughn* index was filed with the Court. ECF No. 52 at 11-16.

6. Based on these filings, Plaintiff identified several deficiencies it sought to remedy through negotiations, and without additional time and expense of summary judgment proceedings.

7. In an effort to resolve this case without further briefing and Court Orders, the parties engaged in settlement discussions. These discussions involved a written proposal agreed upon in principle on October 28, 2020 and negotiation of fees and costs with documentation provided to the agency on October 7, 2020. Agency-requested follow-up documentation on fees and costs was provided on November 18, 2020.

8. A series of discussions had identified a settlement in principle that would include an additional search of specific persons based on specified search terms, along with payment of a reasonable amount of statutory attorney's fees. 5 U.S.C. § 552(a)(4)(E).

9.  For over two months the agency counsel has been unable to provide Plaintiff's counsel with an agency position, whether it be rejection, acceptance of the settlement proposal, or a counter-offer. Assurances of ongoing agency review were repeatedly followed by excuses for not providing a position. This pattern has resulted in six requests for extension based on Plaintiff's erroneous belief that settlement was likely, and even imminent.

10. On December 21, 2020, the Court granted Plaintiff's sixth unopposed Motion for Extension of Time based on the parties' settlement efforts. ECF No. 64. Plaintiff's Response Brief is currently due on January 20, 2021. *Id.*

11. Although Plaintiff has identified specific deficiencies in the Court-ordered searches, and agency counsel has confirmed a willingness to conduct additional searches, Plaintiff is ready for final resolution of this FOIA litigation involving agency records, most of which were created or obtained during the Obama Administration's preparation of an oil and gas leasing decision that was finalized in March 2017.

12. The post-judgment issues that may require judicial resolution are the amount of costs and attorneys' fees awarded to Plaintiff (5 U.S.C. § 552(a)(4)(E)) and Special Council referral. 5 U.S.C. § 552(a)(4)(F). Plaintiff remains open to an agency counter-offer on the documented fees and costs Plaintiff provided, but now anticipates motions practice will be required.

13. Rule 54 provides a 14-day deadline after judgment is entered for filing statutory cost and fees motions, "unless the court provides otherwise." Fed.R.Civ.Pro 54(d)(2)(B).

14. Plaintiff requests the Court to extend the Rule 54 deadline by about three weeks, and set a deadline of February 22, 2021 to file a Motion for Statutory Costs and Fees.

Fed.R.Civ.Pro. 54. Good cause for the extension is based on Plaintiff's continuing willingness to attempt to avoid "fees-on-fees" by conferring after hearing the agency position on the materials that detail the basis for Plaintiff's costs and fees.

15. Plaintiff's counsel attempted to discuss this request with Defense Counsel, but calls and emails have not been returned. D.C.COLO.LCivR 7.1(b)(1).

16. Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that Plaintiffs have sought five previous extensions of time to submit their response to the renewed motion for summary judgment.

17. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this Motion will be served on Defendants and upon a representative for Plaintiffs.

18. Alternatively, for the reasons stated above, and should the Court deny the request to enter judgment for Plaintiff and thereby moot the pending summary judgment motion, Plaintiff respectfully request that the deadline to submit their response to the renewed motion for summary judgment be extended to February 22, 2021.

RESPECTFULLY SUBMITTED January 19, 2021:

*s/Travis E. Stills*
**Travis E. Stills**
Energy & Conservation Law
1911 Main Ave., Suite 238
Durango, Colorado 81301
(970) 375-9231
stills@frontier.net
*Attorneys for Plaintiff*

**Matthew Sandler**
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
Matt@rockymountainwild.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January19, 2021 I served a copy of this motion an all parties using the CM/ECF system, unless otherwise noted below.

 s/ Travis E. Stills
**Travis E. Stills**